The judgment of the court was pronounced by
Eustis, C. J.
The plaintiffs allege themselves to be the owners of two hydraulic presses, having purchased them from the defendant on or about the 1st of May, 1846. They pray that the presses may be delivered to them or, in default thereof, that they have judgment for $2250, the value of. said presses, together with interest in the sum of $1400 from said 1st of May, 1846, and on the balance from judicial demand. The presses were sequestered and bonded by the defendant.
These presses were in the cotton press of the defendant, where they have remained. It appears that on the day stated, the defendant made a bill of sale for the presses for the nominal sum of $1500, on which two payments, amounting to $1400, were made at different times in the month of April following. But on the same day the plaintiffs gave the defendant a counter letter, by which it was stated that the bill of sale was given as a collateral security for the sum of $1500 loaned him for twelve months from date, which sum, if returned within said term, the bill of sale was to be void; otherwise to be absolute and the presses to belong to the plaintiffs thereafter. The presses were to remain in the defendant’s cotton press for said term of twelve months, and on the default of the defendant in returning the money the plaintiffs were to be the owners of them, and make such disposition of them as they thought proper.
Their petition presented a distinct demand for the presses or their, value, based on an allegation of ownership. And the bill of sale and the counter letter in evidence, the district judge considered did not establish the ownership of the presses in the plaintiffs, but merely a pledge for the payment of a debt. He dismissed the plaintiffs’ petition, as he considered they had no action for the presses or their value, and had mistaken their remedy. The plaintiffs have appealed.
It is clear to us that the contract between the parties was not a sale with power of redemption, but merely an hypothecary contract. The sum of fifteen hundred dollars, we think the evidence shows, was far less than the value of the objects, and the circumstance of the vendor’s remaining in possession, we consider as a distinctive sign of the real nature of the contract. The want of delivery of the thing sold by the vendor, is held by civilians to be a badge of simulation, and as depriving the contract of the essential characteristics of a sale. Redeemable sales unaccompanied by delivery of the thing sold, of which the considerations are inadequate, courts are bound to consider, without sufficient *100 evidence to the contrary, as contracts for which the thing nominally sold stands as security and nothing else. Merlin Rep. verlo Contrat Pignoratif. Troplong de la Vente, § 695.
The contents of the counter letter, -we think, authorised the district judge in his conclusions on this poinf.
The plaintiffs have 'their remedy for the recovery of their debt, on which no decision was rendered by the district judge. Evidence was received i;elati,ng to a partnership between the plaintiffs and the defendant, which we do not -pass upon; because the action of the district court, in confining its decision to the issue first presented by the plaintiffs’ petition and defendant’s answer, was regular and correct; the defective pleading of the defendant to the contrary notwithstanding.
The judgment of the district court is therefore affirmed, with costs.